1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FARUQI & FARUQI, LLP**
**David E. Bower  SBN 119546**
**Barbara A. Rohr SBN 273353**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Tel: (424) 256-2884
Fax: (424) 256-2885
dbower@faruqilaw.com
brohr@faruqilaw.com

*Counsel for Plaintiff Michael Stez*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>H.J. HEINZ COMPANY, a Pennsylvania corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>1. **Violation of Consumer Legal Remedies Act, California Civil Code §§ 1750,** *et seq.*<br>2. **Violation of California's Unfair Competition Law, California Business & Professions Code §§ 17200,** *et seq.*<br>3. **Violation of California's False Advertising Law, California Business & Professions Code §§ 17500,** *et seq.*<br>4. **Breach of Express Warranties**<br>5. **Negligence** |

Plaintiff Michael Stez ("Mr. Stez" or "Plaintiff"), by and through his counsel, brings this Class Action Complaint against H.J. Heinz Company ("Heinz" or "Defendant"), on behalf of himself and all others similarly situated, and alleges, upon personal knowledge as to his own actions and his counsel's investigations, and upon information and belief as to all other matters, as follows:

///

- 1 -
CLASS ACTION COMPLAINT

**NATURE OF THE CASE**

1.     This is a consumer protection class action that seeks to remedy the unfair, deceptive, and unlawful business practices by Defendant in connection with its marketing, advertising, distributing, and sales of its Heinz Distilled White Vinegar ("Heinz Vinegar" or the "Product(s)"), which is misrepresented as "all natural."  However, the Products are not at all natural because they are made with genetically modified crops.  A genetically modified crop, such as the corn from which the Products are derived, is a crop whose genetic material has been altered by humans using genetic engineering techniques and is therefore man-made.  Further, the World Health Organization defines genetically modified organisms, including crops, as "organisms in which the genetic material (DNA) has been altered in a way that does not occur naturally."  Controversies related to genetically modified crops, include health risks from ingesting genetically modified foods, and negative environmental effects associated with growing genetically modified crops.  Correctly labeling genetically modified foods is the subject of a variety of laws, regulations, and protocols worldwide.

2.     Even though the Products are not "all natural" nor are they natural at all, Defendant prominently labels every bottle containing the Products sold in the United States as "all natural." Defendant labels its Products as "all natural" because consumers perceive all natural foods as healthier, better, and more wholesome.  For instance, the market for all natural foods has grown rapidly in the past few years, a trend Defendant seeks to take advantage of through false and misleading advertising.

3.     Plaintiff brings claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for violations of California's Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*; California's Unfair Competition Law,

California Business & Professions Code §§ 17200, *et seq.*; California's False Advertising Law, California Business & Professions Code §§ 17500, *et seq.*; and for breach of express warranties.

4.      Through this action, Plaintiff seeks injunctive relief, actual damages, restitution, disgorgement of profits, statutory damages, attorneys' fees and costs, and all other relief available to the Class as a result of Defendant's deceptive and unlawful conduct.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) since the proposed class consists of more than 100 members, the proposed class contains at least one member that is a citizen of a different state from Defendant, and the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs.

6.      The Court has personal jurisdiction over this action because Defendant is authorized to, and does conduct substantial business in California as well as in this specific district.  Defendant markets, promotes, distributes, and sells the Products in California.

7.      Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff is a resident of this judicial district, Defendant regularly conducts business throughout this district, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

## PARTIES

8.      Plaintiff Michael Stez is, and at all times relevant to this action has been, a resident and citizen of Sonoma County, California.

9.      Defendant H. J. Heinz Company is a Pennsylvania corporation and Pennsylvania citizen with its principal place of business located at 57 Center, 357 6th Avenue, Pittsburgh, Pennsylvania 15222.  Defendant manufacturers and distributes the Product(s) from its manufacturing plant in Pennsylvania to consumers in California and throughout the United States.

- 3 -
CLASS ACTION COMPLAINT

## SUBSTANTIVE ALLEGATIONS

### Defendant Deceptively Labels The Products As "All Natural"

10.     This action is brought against Heinz for the benefit and protection of all purchasers of Heinz Vinegar.

11.     Throughout the Class Period, Defendant has prominently and conspicuously labeled and advertised its Heinz Vinegar as "All Natural."  The labeling and marketing on the Heinz Vinegar communicates a straight-forward, material message, which is that the "All Natural" Heinz Vinegar is 100 percent (100%) natural.  However, unbeknownst to Plaintiff, the Products actually contain genetically modified ingredients instead.

12.     The core deceptive, false and misleading representations that the Products are all natural not only appear somewhere on the packaging, but are conspicuously and prominently placed on the labels for every person to see as soon as they pick the Heinz Vinegar up to read it.  By way of illustration, "All Natural" on Heinz Vinegar looks like this:

///

///

///

///

///

///

///

///

///

///

- 4 -
CLASS ACTION COMPLAINT



CLASS ACTION COMPLAINT



13.     By conspicuously and prominently placing the "All Natural" label on the Heinz Vinegar Defendant has ensured that all consumers purchasing the Heinz Vinegar would be exposed to its "All Natural" claim.

**Food Derived From Genetically Modified Organisms Is Not All Natural**

14.     Genetically modified crops do not occur in nature, and as such are not "all natural." On the contrary, genetically modified crops are crops that are genetically manipulated from their natural state.  For example, Monsanto, one of the largest producers of genetically modified crop seed, defines "Genetic modification (genetic engineering) – The technique of removing, modifying or adding genes to a living organism via genetic engineering or other more traditional methods. Also referred to as gene splicing, recombinant DNA (rDNA) technology or genetic engineering."

CLASS ACTION COMPLAINT

*See* http://www.monsanto.com/newsviews/Pages/glossary.aspx (last visited Apr. 22, 2014). Monsanto also defines Genetically Modified Organisms ("GMO"). GMO is "[p]lants or animals that have had their genetic makeup altered to exhibit traits that are not naturally theirs. In general, genes are taken (copied) from one organism that shows a desired trait and transferred into the genetic code of another organism." *See Id.*

15.     The World Health Organization's definition of GMO is consistent with how Monsanto defines them: "organisms in which the genetic material (DNA) has been altered in a way that does not occur naturally. The technology is often called 'modern biotechnology' or 'gene technology,' sometimes also 'recombinant DNA technology' or 'genetic engineering.' It allows selected individual genes to be transferred from one organism into another, also between non-related species. Such methods are used to create GM plants – which are then used to grow GM food crops." *See* World Health Organization, 20 Questions on Genetically Modified (GM) Foods, http://www.who.int/foodsafety/publications/biotech/en/20questions_en.pdf (last visited Apr. 22, 2014).

16.     The United States Environmental Protection Agency ("EPA") for Prevention, Pesticides, And Toxic Substances, has distinguished between conventional breeding of plants "through natural methods, such as cross-pollination" and genetic engineering. "Conventional breeding is a method in which genes for pesticidal traits are introduced into a plant through natural methods, such as cross-pollination." "Genetically engineered plant-incorporated protectants are created through a process that utilizes several different modern scientific techniques to introduce a specific pesticide-producing gene into a plant's DNA genetic material." *See* EPA Questions & Answers, Biotechnology: Final Plant-Pesticide/Plant Incorporated Protectants (PIPs) Rules, dated July 19, 2001 at

- 7 -

CLASS ACTION COMPLAINT

http://www.epa.gov/scipoly/biotech/pubs/qanda.pdf (last visited Apr. 22, 2014).

17.     Romer Labs, a company that provides diagnostic services to the agricultural industry, including tests to detect and determine the existence of GM crops, defines GM crops as "[a]griculturally important plants [that] are often genetically modified by the insertion of DNA material from outside the organism into the plant's DNA sequence, allowing the plant to express novel traits that normally would not appear in nature, such as herbicide or insect resistance.  Seed harvested from GMO plants will also contain these modifications."  See http://www.romerlabs.com/en/knowledge/gmo/ (last visited Apr. 22, 2014).

18.     As indicated by the various industry, government and health protection agency organizations cited above, genetically modified crops and organisms are not "all natural" at all.  Indeed, genetically modified crops and GMOs are not natural and products made from these crops are not "all natural."

19.     The market for natural products is large and ever growing.  Over 70% of the United States' corn crops today are genetically modified.  With the growth of these genetically modified crops in recent years consumers have been willing to pay a premium for products they believe to be natural, healthy and/or organic.  *Natural Foods Merchandiser* magazine's 2010 Market Overview reported significant growth for the natural and organic products industry.  Having over more than $81 billion dollars in revenue in 2010 alone, the industry grew seven percent (7%) from 2009, revealing that consumers desire for natural products is huge and continues to grow.  *See* http://www.prnewswire.com/news-releases/natural-and-organic-products-industry-sales-hit-81-billion-122958763.html (last visited Apr. 22, 2014).

- 8 -
CLASS ACTION COMPLAINT

20.    Defendant's "all natural" representations are deceptive, false, misleading, and unfair to consumers who are injured in fact by purchasing Heinz Vinegar that Defendant claims are "all Natural" when in reality the Heinz Vinegar is made from genetically modified crops and  is not natural.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff seeks relief in his individual capacity and seeks to represent a class consisting of all others who are similarly situated pursuant to the Federal Rules of Civil Procedure (Fed. R. Civ. P.), Rule 23(a) and (b)(2) and/or (b)(3).

22.    Plaintiff seeks certification of a class defined as:

> All consumers who from April 23, 2010 until the date notice is disseminated to the Class (the "Class Period") purchased Heinz Distilled White Vinegar in California.

23.    Excluded from the Class are Defendant and its subsidiaries and affiliates, Defendant's executives, board members, legal counsel, the judges and all other court personnel to whom this case is assigned, their immediate families, and those who purchased the Product for the purpose of resale.

24.    Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

25.    <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). The Class is so numerous that joinder of all members is unfeasible.  While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that many thousands or millions of consumers have purchased Heinz Vinegar during the class period.

*///*

*///*

CLASS ACTION COMPLAINT

26.    _Commonality_.  Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members.  These common questions of law and fact include, without limitation:

a.    Whether Defendant falsely and/or misleadingly misrepresented the Products as being "All Natural";

b.    Whether Defendant's misrepresentations are likely to deceive reasonable consumers;

c.    Whether Defendant violated California's Consumer Legal Remedies Act, California Civil Code §§ 1750, _et seq._;

d.    Whether Defendant violated California's Unfair Competition Law, California Business & Professions Code §§ 17200, _et seq._;

e.    Whether Defendant violated California's False Advertising Law, California Business & Professions Code §§ 17500, _et seq._;

f.    Whether Defendant breached express warranties;

g.    Whether Defendant is negligent; and

h.    The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

27.    _Typicality_.  Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all Class members were exposed to uniform practices and sustained injuries arising out of and caused by Defendant's unlawful conduct.

28.    _Adequacy of Representation_.  Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Further, Plaintiff's counsel is competent and experienced in litigating class actions.

CLASS ACTION COMPLAINT

29.     <u>Superiority of Class Action</u>.  Fed. R. Civ. P. 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of this action since joinder of all Class members is impracticable and will waste judicial resources.  Moreover, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting outcomes.  Finally, there will be no difficulty in managing this action as a class action.

30.     <u>Injunctive and Declaratory Relief</u>.  Fed. R. Civ. P. 23(b)(2).  Defendant's misrepresentations are uniform as to all members of the Class.  Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## **FIRST CAUSE OF ACTION**

**Violation of California's Consumer Legal Remedies Act**
**California Civil Code §§ 1750, *et seq*.**

31.     Plaintiff and Class members repeat and reallege each and every allegation above, as if set forth in full herein.

32.     Plaintiff brings this First Cause of Action individually and on behalf of the members of the Class against Defendant.

33.     By the acts and conduct alleged herein, Defendant violated California's Consumer Legal Remedies Act ("CLRA"), California Civil Code (Cal. Civ. Code) §§ 1750, *et seq*. in part by representing the Products it has sold to consumers as "all natural" where in fact the Products are not all natural and Defendant knew or should have known that these representations of "all natural" are false and/or misleading.

34.     The Products, which are "tangible chattels bought for use primarily for personal, family, or household purposes," are goods as defined in Cal. Civ. Code § 1761(a).

CLASS ACTION COMPLAINT

35.    Plaintiff and each Class member are consumers as defined in the CLRA under Cal. Civ. Code § 1761(d).

36.    Defendant has violated the CLRA § 1770(a) for engaging in "the following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful" in at least the following ways:

    a.    Defendant has misrepresented the source of the Products by stating that they are "all natural," which they are not in direct violation of § 1770(a)(2);

    b.    Defendant has stated that the Products have characteristics, qualities, ingredients, uses and/or benefits that they do not in violation of § 1770(a)(5);

    c.    Defendant has represented that the Products are of a particular standard, quality, or grade by stating that they are "all natural" when they are of another standard, quality or grade, or that goods are of a particular style or model if they are of another such as here where Defendant represents that the Products are "all natural" when in reality they are made from not natural ingredients, which is in violation of § 1770(a)(7);

    d.    Defendant has deceived consumers by advertising the Products as "all natural" with the intent to sell them not as they are advertised in violation of § 1770(a)(9); and

    e.    Defendant has represented that the Products, which are subjects of transactions that have been supplied consistent with the representations that the Products are "all natural," when in reality they are not all natural in violation of § 1770(a)(16).

37.    On April 23, 2014, Plaintiff notified Defendant in writing, through a certified letter, of the violations contained within this Complaint and Plaintiff has demanded that Defendant remedy the violations.  If Defendant fails to remedy the alleged violations and fails to provide notice to all

- 12 -

CLASS ACTION COMPLAINT

affected consumers within thirty (3)) days of receipt of Plaintiff's written notice under California Civil Code section 1782 of the CLRA then Plaintiff will amend this Complaint to add claims for actual, statutory, and punitive damages.   Plaintiff and the Class will also seek a court order enjoining the Defendant from further wrongful acts and unfair and unlawful business practices, and will seek restitution, disgorgement of profits, and any other relief this Court deems proper.

## SECOND CAUSE OF ACTION

**Violation of California's Unfair Competition Law**
**California Business & Professions Code §§ 17200, *et seq*.**

38.    Plaintiff and Class members repeat and reallege each and every allegation above, as if set forth in full herein.

39.    Plaintiff brings this Second Cause of Action individually and on behalf of the members of the Class against Defendant.

40.    Defendant committed unlawful, unfair, and/or fraudulent acts in violation of California's Unfair Competition Law, California Business & Professions Code section 17200, *et seq*. by labeling, marketing, advertising, promoting and selling its Products as "all natural" when in reality they are not all natural.

41.    Defendant's conduct is unlawful, in part, for violating the California Consumer Legal Remedies Act, and California's False Advertising Law (as discussed below).

42.    Defendant's business practices are unfair since by misrepresenting the Products as "all natural" is anti-competitive and further offends established public policies demanding fair competition.   Defendant's conduct is also unethical, immoral, unscrupulous and is oppressive. Further, Defendant's conduct harms Plaintiff and the Class.

CLASS ACTION COMPLAINT

43.     Defendant's conduct is fraudulent since the foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature of its White Vinegar as being "all natural" to induce consumers to purchase the product and deceive reasonable consumers who have relied upon Defendant's misrepresentations and/or omissions.

44.     Plaintiff and members of the Class were injured as a direct and proximate result of Defendant's conduct because they paid for Heinz "all natural" White Vinegar, which they would not have purchased had they know the true facts.

45.     On behalf of himself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, and Plaintiff seeks equitable relief by requesting this Court issue an order requiring Defendant to refund Plaintiff and the Class all monies paid for the Products, in addition to requiring Defendant to engage in a corrective advertising campaign.

### THIRD CAUSE OF ACTION

**Violation of California's False Advertising Law
California Business & Professions Code §§ 17500, *et seq*.**

46.     Plaintiff and Class members repeat and reallege each and every allegation above, as if set forth in full herein.

47.     Plaintiff brings this Third Cause of Action individually and on behalf of the Class against Defendant.

48.     By the acts and conduct of Defendant alleged herein, Defendant committed false advertising with its misrepresentations that the Products are "all natural" in conducting business, trade and commerce in the state of California in violation of California's False Advertising Law, California Business & Professions Code §§ 17500, *et seq.*.

49.     The foregoing acts and practices were directed at consumers.

CLASS ACTION COMPLAINT

50.     The foregoing false advertisements are misleading in a material way because they fundamentally misrepresent the nature of its White Vinegar as being "all natural" to induce consumers to purchase the Products while Defendant has had actual knowledge that this is false, or Defendant should have known by exercising reasonable car that these statements are false and untrue and/or misleading.

51.     Plaintiff and the Class have reasonably relied upon Defendant's misrepresentations and/or omissions by purchasing the Products and as a result have been injured because they paid for Products they would not have purchased had they known they are not "all natural" as stated.

52.     On behalf of himself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, and Plaintiff seeks equitable relief by requesting this Court issue an order requiring Defendant to refund Plaintiff and the Class all monies paid for the Products, in addition to requiring Defendant to engage in a corrective advertising campaign.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranties

53.     Plaintiff and Class members repeat and reallege each and every allegation above, as if set forth in full herein.

54.     Plaintiff brings this Fourth Cause of Action individually and on behalf of the Class against Defendant.

55.     Plaintiff and each member of the Class formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased one or more of the Products.     The terms of that contract include the promises and affirmations of fact made by Defendant on the packaging of the Heinz Vinegar, as described above.  The Products' packaging constitutes express warranties,

CLASS ACTION COMPLAINT

became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

56.     All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

57.     Defendant breached the terms of the contract, including the express warranties with Plaintiff and the Class by not providing the Products as promised – providing Heinz Vinegar that is not "all natural" while promising that the Heinz Vinegar is "all natural."

58.     As a result of Defendant's breach of its contract with Plaintiff and the Class, Plaintiff and the Class have been damaged at the very least in the amount of the purchase price of any and all of the Products they purchased.

## FIFTH CAUSE OF ACTION

### Negligence

59.     Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

60.     Plaintiff brings this claim individually and on behalf of the members of the Class.

61.     Defendant had a duty to Plaintiff and the Class to exercise reasonable and ordinary care in making accurate representations about the Products.

62.     Defendant breached its duty to Plaintiff and the Class, directly or through its agents and employees, by making false representations about the Products to Plaintiff and the Class. Further, Defendant failed to disclose all material information about the Products.

63.     Defendant knew or should have known that the Products are not "All Natural" and intended Plaintiff and the Class to rely on said statements.

CLASS ACTION COMPLAINT

64. Plaintiff and Class relied upon Defendant's representations that the Products are "All Natural".

65. Plaintiff and members of the Class relied upon these false representations by Defendant when purchasing the products at issue herein, which reliance was justified.

66. As a direct and proximate cause of Defendant's negligence, Plaintiff and the Class have suffered actual damages.

**REQUEST FOR RELIEF**

67. WHEREFORE, Plaintiff, individually and on behalf of the other members of the proposed Class, respectfully requests that this Court enter judgment in his favor, and against Defendant as follows:

A. Declaring that this action is a proper class action and certifying the proposed Class;

B. Designating Plaintiff as the Class Representative;

C. Appointing the undersigned counsel as Class Counsel;

D. Ordering Defendant to pay actual damages no less than the statutory minimum damages;

E. Ordering Defendant to provide equitable monetary relief to Plaintiff and the Class;

F. Ordering Defendant to pay statutory damages to Plaintiff and the Class;

G. Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiff and the Class;

- 17 -
CLASS ACTION COMPLAINT

H.      Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

I.      Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the Class;

J.      Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

K.      Ordering such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint that are so triable.

DATED:  April 23, 2014                                        Respectfully submitted,

                                                             **FARUQI & FARUQI, LLP**

                                                             By:  /s/ David E. Bower
                                                             David E. Bower
                                                             Barbara A. Rohr
                                                             10866 Wilshire Boulevard, Suite 1470
                                                             Los Angeles, California 90024
                                                             Tel: (424) 256-2884
                                                             Fax: (424) 256-2885
                                                             dbower@faruqilaw.com
                                                             brohr@faruqilaw.com

                                                             *Counsel for Plaintiff Michael Stez*

CLASS ACTION COMPLAINT

1   I, Michael Stez, declare as follows:

2        1.     I am a plaintiff in this action and a citizen of the State of California.  I have personal

3   knowledge of the facts herein and if called as a witness, I could and would testify competently thereto.

4        2.     This is a proper place for trial under Civil Code Section 1780(d) in that a substantial portion

5   of the transaction alleged occurred in this judicial district of the state California because I am informed and

6   believe the defendant who manufactured and sold this product has does substantial business in California

7   and I purchased this product and consumed this product, referenced in the complaint, in Sonoma County,

8   California.

9        3.     Based upon the product label and advertising concerning these Heinz products, I was led to

10  believe that these products were what it claimed to be and that they were made with all natural products and

11  the product (White Vinegar) was all natural as advertised and labeled.  I specifically bought the product

12  because of the "all natural" labeling of the product.  I am now informed and believe that this product is not

13  as advertised and that is not all natural as it states on the label.  Had I known this beforehand, I would not

14  have purchased this H. J. Heinz product.

15       I declare under the penalty of perjury under the laws of the State of California that the foregoing is

16  true and correct, executed on April 8, 2014, in Sonoma County California.

17

18

19  _____
                  Michael Stez

20

21

22

23

24

25

26

27

28