UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL STEZ, et al.,

      Plaintiffs,

  v.

J. HEINZ COMPANY,

      Defendant.

_____/

No. C 14-1871 PJH

**ORDER DENYING MOTION TO TRANSFER VENUE**

      Before the court is the motion of defendant J. Heinz Company ("Heinz") for an order transferring venue of the above-entitled proposed class action to the Central District of California. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

      Where venue is proper, 28 U.S.C. § 1404(a) authorizes the court to transfer a case to a more convenient forum. Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is upon the moving party to show that transfer is appropriate. Commodity Futures Trading Commission v. Savage, 611 F.2d 270, 279 (9th Cir. 1979); Martensen v. Koch, 942 F.Supp. 2d 983, 999 (N.D. Cal. 2013). The district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 30 (1988)).

      Courts in this district commonly use the following factors to evaluate whether the interests of justice warrant a transfer of venue under § 1404(a): (1) the plaintiff's choice of

forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the ease of access to the evidence, (5) the familiarity of each forum with the applicable law, (6) the feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.  See Williams v. Bowman, 157 F.Supp. 2d 1103, 1106 (N.D. Cal. 2001); see also Vu v. Ortho-McNeil Pharmaceutical, Inc., 602 F.Supp. 2d 1151, 1156 (N.D. Cal. 2009).

Here, Heinz argues that this case could have been brought in the Central District of California, and that the interests of justice compel transfer to discourage what Heinz claims is impermissible forum shopping. In the original complaint, which was filed on April 23, 2014, plaintiff Michael Stez – a resident of California – asserted three causes of action under California statutory law, plus causes of action for breach of express warranties and negligence, on behalf of himself and a class of California consumers.  Plaintiff alleged that Heinz' use of the term "all natural" in marketing, advertising, and sales of Heinz Distilled White Vinegar is misleading because the vinegar is made with genetically modified crops.

Prior to April 23, 2014, three different plaintiffs had filed proposed class actions in three different districts – the Central District of California (the Banafsheha case), the Southern District of Florida (the Weiss case), and the Western District of New York (the Reibel case) – all challenging Heinz' use of the term "all natural" in connection with its distilled white vinegar.  As of September 2, 2014, the date that Heinz filed this motion to transfer, those three cases had all been voluntarily dismissed by the plaintiffs.  According to Heinz, the Banafsheha plaintiff dismissed that case (which also asserted claims under California law) after the Hon. John F. Walter, the presiding District Judge, refused to grant plaintiff's request for a continuance of the deadline to file a motion for class certification.

Heinz also filed a motion to dismiss in the present action, and in response, plaintiff filed a first amended complaint ("FAC") on September 16, 2014.  In the FAC, plaintiff Michael Stez joined an additional plaintiff – Jill Lawrence – a resident of Florida.  The FAC asserts four California statutory claims, as well as a new claim of breach of express warranty "under the common law of each state," and two new statutory claims under

Florida law, on behalf of plaintiffs and a nationwide class of persons who purchased Heinz Distilled Vinegar, plus a California subclass and a Florida subclass.

In the present motion, Heinz contends that the case should be transferred to Judge Walter in the Central District.  Heinz does not argue that the Central District would be a more convenient forum for parties and witnesses – and indeed, states that "the convenience factors are basically a draw."  Nor does Heinz provide any argument relating to the other factors the court normally considers in a § 1404(a) motion.

Instead, Heinz contends that "the interests of justice" warrant transfer, because in Heinz's view, plaintiffs are forum-shopping.  Heinz argues that the Banasheha case and this case (at least as reflected in the original iteration of the complaint) are "identical," and cites a local rule of this district, which provides that if a civil action is dismissed and is subsequently refiled, the judge assigned to the new case may transfer the "refiled" action to the action which had been dismissed.  See N.D. Cal. Civ. L.R. 3-3(c).

The court finds that the motion to transfer must be DENIED.  First, § 1404(a) provides discretion to the district court to transfer a case for "the convenience of parties and witnesses."  Here, Heinz concedes that convenience is not a factor.  Thus, Heinz has not met its burden as the party seeking transfer.

Second, Heinz appears to be arguing in a roundabout way that the case should be transferred pursuant to the "first-to-file" rule.  Application of this rule is discretionary with the court, and courts generally analyze three factors to determine the applicability of the rule: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues.  Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.2d 622, 628 (9th Cir. 1991).  Here, while it is true that the Banasheha case was filed before the present action, it was only a little over five weeks prior.[1]  The plaintiffs are not the same, and the issues are different, as the complaint in this action has now been amended to add claims under Florida law.  Thus, the

---

[1] Heinz also complains that plaintiffs delayed unduly in serving the summons and complaint in this action, but the Rules of Civil Procedure allow 120 days from the time of filing to service.  See Fed. R. Civ. P. 4(m).  Plaintiffs did not exceed that amount of time.

3

first-to-file rule does not support transfer.

Third, Civil Local Rule 3-3, which is cited by Heinz in support of its motion, is entirely inapplicable.  It is a local rule of this district, and does not authorize any judge from this district to transfer a case to a particular judge in another district.  This court has no discretion to direct the activities of judges in other districts.

The date for the hearing on this motion, previously set for October 15, 2014, is VACATED.  Plaintiffs' request for leave to file a sur-reply is DENIED.

**IT IS SO ORDERED.**

Dated:  October 7, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge